IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

CV 07 4001

PLATT, J.

BOYLE, M.J.

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) CIVIL ACTION NO. |
| v. | ) ) |
| ADELPHI UNIVERSITY, | ) COMPLAINT ) JURY TRIAL DEMANDED |
| Defendant. | ) ) |

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ SEP 25 2007 ★

## NATURE OF THE ACTION

This is an action under the Equal Pay Act of 1963 to restrain the unlawful payment of wages to employees of one sex at rates less than the rates paid to employees of the opposite sex, and under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex and to provide appropriate relief due to a class of employees as a result of such unlawful practices. The Commission alleges that Adelphi University ("Adelphi"), pays its female full time professors at wage rates which are less than the rates paid to its male employees performing substantially equal work because of their sex. As alleged with greater particularity in paragraph 9 below, Adelphi pays a class of female professors who are of the same rank and who teach within the same school less than male professors of the same or lesser rank teaching within the same school. The disparity in pay cannot be attributed to factors other than sex.

## JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to §§ 216(c) and 217 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§ 216(c) and 217, to

enforce the requirements of the Equal Pay Act of 1963, codified as Section 6(d) of the FLSA, 29 U.S.C. § 206(d), and pursuant to Sections 706(f)(1) and (3) and 707 of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and -6. ("Title VII"). This action is also authorized and instituted pursuant to Section 102 of Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were and are now being committed within the jurisdiction of the United States District Court for Eastern District Court of New York.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the Equal Pay Act and Title VII, and is expressly authorized to bring this action by Sections 16(c) and 17 of the FLSA, 29 U.S.C. §§ 216(c) and 217, as amended by Section 1 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and Public Law 98-532 (1984), 98 Stat. 2705; and by Sections 706(f)(1) and (3) and 707" of Title VII, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and -6.

4. At all relevant times, Adelphi has continuously been doing business in the State of New York and including the City of Garden City, and has continuously had at least 15 employees.

5. At all relevant times, Adelphi has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

6. At all relevant times, Adelphi has acted directly or indirectly as an employer in relation to employees and has continuously been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d) and Section 262 (a) of the Portal–to-Portal Act. 29 U.S.C §262.

7. At all relevant times, Adelphi has continuously been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Sections 3(r) and (s) of the FLSA, 29 U.S.C. §§ 203(r) and (s), in that said enterprise has continuously been engaged in the operation of an institution of higher education.

## STATEMENT OF TITLE VII CLAIMS

8. More than thirty days prior to the institution of this lawsuit, Judith Cohen filed a charge with the Commission alleging violations of Title VII by Adelphi. All conditions precedent to the institution of this lawsuit have been fulfilled.

9. Since at least April 5 2004, Adelphi has engaged in an unlawful employment pattern or practice at its Garden City campus and at facilities in New York City, Hauppauge, and Poughkeepsie, New York, in violation of Section 703 of Title VII, 42 U.S.C. § 2000e-2, as detailed below:

(a) Female full-time Professors in departments throughout the University are paid less than male Professors of similar rank within the same departments (although they are performing substantially equal work).

10. The effect of the practice complained of in paragraph 9 above has been to deprive Judith Cohen and a class of other female full time professors of equal employment opportunities and otherwise adversely affect their status as employees, because of their sex.

3

12. The unlawful employment practices complained of in paragraph 9 above were and are intentional.

13. The unlawful employment practices complained of in paragraphs 9 above were and are done with malice or with reckless indifference to the federally protected rights of Judith Cohen and other female full-time Professors.

14. Since at least April 5 2004 Adelphi has violated Sections 6(d)(1) and 15(a)(2) of the FLSA, 29 U.S.C. §§ 206(d)(1) and 215(a)(2), by paying wages to its female full-time professors, at its Garden City campus and at facilities in New York City, Hauppauge, and Poughkeepsie, New York, at rates less than the rates paid to male employees in the same establishments for substantially equal work for jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions as described in paragraph 9.

15. As a result of the acts complained of above, Adelphi unlawfully has withheld and is continuing to withhold the payment of wages due to Judith Cohen and a class of female full-time professors.

16. The unlawful practices complained of in paragraph 14 above were and are willful.

## PRAYER FOR RELIEF

Wherefore, the Commission requests that this Court:

A. Grant a permanent injunction enjoining Adelphi, its officers, successors, assigns and all persons in active concert or participation with it, from engaging in sex discrimination.

B. Grant a permanent injunction enjoining Adelphi, its officers, successors, assigns and all persons in active concert or participation with it, from discriminating within any of its

4



establishments between employees on the basis of sex, by paying wages to employees of one sex at rates less than the rates at which it pays wages to employees of the opposite sex for substantially equal work on jobs the performance of which requires equal skill, effort, and responsibility, and which are performed under similar working conditions.

    C.    Order Adelphi to institute and carry out policies, practices and programs which provide equal employment opportunities for women, and which eradicate the effects of its past and present unlawful employment practices.

    D.    Order Adelphi to make whole Judith Cohen and a class of full-time female professors, by providing appropriate backpay with prejudgment interest, in amounts to be proved at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to pay increases of Judith Cohen and a class of female full-time professors.

    E.    Order Adelphi to make whole Judith Cohen and a class of female full-time professors by providing compensation for past and future pecuniary losses resulting from the unlawful practices described in paragraphs 9 above, including medical expenses not covered by the Employer's employee benefit plan, in amounts to be determined at trial.

    F.    Order Adelphi to make whole Judith Cohen and a class of female full-time professors by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 9 above, including such as emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

    G.    Order Adelphi to pay Judith Cohen and a class of female full-time professors punitive damages for its malicious and/or reckless conduct described in paragraphs 9 above, in

an amount to be determined at trial.

    H.    Grant a judgment requiring Adelphi to pay appropriate back wages in amounts to be determined at trial, an equal sum as liquidated damages, or prejudgment interest in lieu thereof to employees whose wages are being unlawfully withheld as a result of the acts complained of above, including but not limited to Judith Cohen and a class of female full-time professors.

    I.    Grant such further relief as this Court deems necessary and proper in the public interest.

    J.    Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

                Ronald S. Cooper
                General Counsel

                James L. Lee
                Deputy General Counsel

                Gwendolyn Y. Reams
                Associate General Counsel

                Elizabeth Grossman
                Regional Attorney

                Lisa D. Sirkin
                Supervisory Trial Attorney

                Louis Graziano
                Trial Attorney (LG0530)

                EQUAL EMPLOYMENT OPPORTUNITY
                COMMISSION

                New York District Office
                33 Whitehall St, 5th Floor
                New York NY 10004
                (212) 336-3698